McCunn, J.
This matter comes before me on a habeas corpus and certiorari. Some days since, a writ was granted, directed to the keeper of the city prison, made returnable before this court, requiring the said keeper to bring the prisoner, together with the cause of his detention, before me, at chambers, at twelve o’clock to-day. The prisoner was produced by the jailer, who said he held him by virtue of the following commitment:
“The Warden of the City Prison and Bridewell of the City of New York will receive and safely keep for examination the body of Martin Leland, charged with forgery on oath of-.
“ First District Police Court, New York, Sept. 4,1869.
“J. Dowlixg, Police Justice.
“Eustace and F ablet, Officers.”
The district-attorney • also produced an affidavit of one Carlisle K. Willits, who does not state where he (said Willits) resides, or where he can be found, and who says that Leland came to No. 57 South-street, Philadelphia, and bought a city warrant of the city of Philadelphia, of the value of two hundred and thirty-three dollars and ninety-five cents. He then testifies, on information and belief, that two warrants, exact counterparts of the one so bought by Leland, each for one thousand dollars, were sold to brokers in Philadelphia, and that said warrants were forged. Now, this is all the testimony in the case ; and upon this commitment and this proof I am asked to remand a citizen of this State, one who has formerly'borne an unblemished character, so that he may be sent to the State of Pennsylvania, to be there tried for this alleged crime.
Before I can remand this prisoner, in order that he may be sent back, I must be satisfied of three things: First, that a crime has been committed in Pennsylvania; second, that the committing magistrate has jurisdiction *66 of the subject-matter before him ; and third, is the commitment, explicit enough on its face,—is it sufficient to i inform this court as to whether a crime has been committed ? I certainly think it is not.
The rule is that the offense must be stated in the commitment with reasonable certainty,. so that the court can determine whether the cause of commitment is suf- 1 ffcient in law or not; and such certainty should appear in the commitment as will enable the court to determine the question. For if the commitment be against law, as, if made by a magistrate who had no jurisdiction, or for a matter for which by law a person cannot be punished, the court must discharge. Hence the certainty of the •commitment ought to appear; and a commitment is liable to the same objection where the case is so loosely stated that the court cannot adjudge whether -there was a reasonable ground of commitment or not. A -commitment does not sufficiently state the offense by simply designating it by the species or class of crimes to which the committing magistrate may consider it to belong, but it ought to state the facts charged or found to ■constitute the offense, with sufficient particularity to enable the court, on a return to the habeas corpus, to determine what particular crime is charged against the prisoner.
This commitment fails to do this, and upon this ground alone the prisoner should, therefore, be. discharged.
The affidavit of Mr. Willits does' not remedy in any particular the defects contained in the commitment. It is made by a person residing in this city, and merely embodies a hearsay statement that the prisoner Leland is charged with crime in Pennsylvania, and is a fugitive from justice. This document is merely the repetition of . a rumor, and is fatally defective in this respect. Moreover, it should have incorporated an authenticated copy of the charge -or indictment against the prisoner in Philadelphia.
To enable a magistrate to arrest and examine an al *67 leged fugitive from justice from another State, it must "be shown by a complaint in writing on oath that a crime has been committed, that the accused has been charged in that other State with the commission of such a crime, and that he has fled therefrom and is found here.
This affidavit is defective in all these particulars. It does not show positively that a crime has been committed in Pennsylvania. It does not show that any proceedings have been taken in law against him in that State, and only says that he is a fugitive from justice. It might be inferred from the affidavit that a crime had been committed in Pennsylvania, but mere inference is not sufficient on which to found the exercise of criminal jurisdiction.
I am requested by the district - attorney to hold on to the person until the proper documents come from Pennsylvania, or until they are procured from the governor of that State. This I cannot do. This court, although its judges possess all the powers of committing magistrates, has always refrained from doing so, unless in very rare and exceptional cases, and I do not deem this as falling within that exceptional rule.
The prisoner must be discharged.